Case 07-25104    Filed 11/21/08    Doc 698

FOR PUBLICATION



FILED
NOV 21 2008
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                          )
                                )    Case No. 07-25104
SHEPARD JOHNSON and MONTE       )
JOHNSON                         )    DC Nos. DNL-5
                                )            MHK-22
       Debtors.                 )
_____)

# OPINION
## ON APPLICATIONS FOR EMPLOYMENT AND COMPENSATION

Anthony Asebedo, Meegan, Hanschu & Kassenbrock, Gold River, California, for Meegan, Hanschu & Kassenbrock

Allen C. Massey, United States Department of Justice, Office of the United States Trustee, for Sara L. Kistler, Acting United States Trustee

Thomas A. Aceituno, Folsom, California, Trustee

J. Russell Cunningham, Desmond, Nolan, Livaich & Cunningham, Sacramento, California, for Trustee

KLEIN, Bankruptcy Judge:

The problem is how, in the wake of the Supreme Court decision in <u>Lamie v. United States Trustee</u>, 540 U.S. 526 (2004), to pay counsel to former debtors in possession under 11 U.S.C. § 330(a) for services needed to effect smooth transition to a chapter 11 trustee. The answer is for the trustee to employ the debtors' counsel pursuant to 11 U.S.C. § 327(e) for the specified special purpose of performing transition services requested by the trustee.

A chapter 11 trustee was appointed when this contentious cross-border real estate development case became dead in the water. Debtors' counsel made a final fee request under § 330(a) for work done before and after the trustee took over. The United States trustee objected that some of the fees were unauthorized under § 330(a) because counsel's § 327(a) employment expired when the debtors lost debtor-in-possession status. The case trustee, who had requested the services, then applied to employ debtors' counsel under § 327(e) for the specified special purpose of performing the transition services that he had requested.

As suggested in <u>Lamie</u>, § 327(e) permits the counsel for a former debtor in possession to become qualified for compensation under § 330(a) after appointment of a chapter 11 trustee or conversion to another chapter. The trustee is the main gatekeeper, and the key to the gate's lock is § 327(e). Here, § 327(e) employment is approved, and the requested fees awarded.

Facts

Shepard and Monte Johnson commenced their joint chapter 11 case on July 3, 2007. They were embroiled in multiple lawsuits in California state courts primarily regarding their real estate development projects in Panama. There was also satellite litigation against Mr. Johnson in Panama in circumstances that made him unwilling to travel to Panama.

The law firm of Meegan, Hanshu, & Kassenbrock was timely authorized to be employed under § 327(a) to represent the debtors as chapter 11 debtors in possession.

The Johnsons remained as debtors in possession until Thomas Aceituno was appointed as chapter 11 trustee on May 23, 2008, pursuant to 11 U.S.C. § 1104(a)(2). While the debtors had not mismanaged their affairs in chapter 11 (which the trustee concedes might yet turn out to be a surplus case) the warring parties were so enmeshed in intertwined disputes that further progress toward a confirmable plan of reorganization required that a neutral party be at the helm.

The reality of this case is that the presence of myriad, seemingly intractable, transnational legal issues create an unusually powerful settlement imperative that make it difficult to conceive of a confirmable chapter 11 plan that has not received a broad base of support. Hence, muscular diplomacy by a trustee is important.

After his appointment, the trustee requested the assistance of the debtors' counsel to help familiarize himself with the

case.

On September 9, 2008, debtors' counsel made a final fee application seeking compensation for services rendered before and after the appointment of the chapter 11 trustee.

The United States trustee filed a limited opposition to the fee application. Based on Lamie, the opposition contended that debtors' counsel could not, with the exception of the expense of presenting a fee application for services rendered before the trustee was appointed, receive payment under § 330(a)(1) for services rendered after the chapter 11 trustee was appointed and their § 327(a) employment ended.

Siding with debtors' counsel, the chapter 11 trustee then applied under § 327(e) to employ debtors' counsel for the specified special purpose of performing transition services that he had requested. Counsel logged 15.3 hours in performing services requested by the trustee during the period from May 23 to August 12, 2008, for which it requests $3,857 and asks to be paid retroactively based on the requested § 327(e) employment. The case trustee supports the overall final fee request, including the $3,857.00 for the services he requested.

As finally adjusted, the § 330(a)(1) fee request seeks a total of $179,894.24, including the $3,857.00 incurred at the request of the chapter 11 trustee after counsel's § 327(a) employment ended and $1,625.00 for preparation and prosecution of the final fee application.

The latest developments are that the trustee, in his new

capacity as successor chapter 7 trustee to himself as chapter 11 trustee,[1] has in open court ratified his § 327(e) application and his support for the fee application for transition services rendered at his request, and that the United States trustee has clarified on the record that it does not oppose the proposed § 327(e) employment and compensation on that basis.

## Jurisdiction

Federal jurisdiction is founded upon 28 U.S.C. § 1334(a) and (e)(2). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A).

## Issues

1. Whether counsel for a former debtor in possession may be employed under 11 U.S.C. § 327(e) by a successor trustee to provide transition services for compensation under 11 U.S.C. § 330(a)(1).

2. Whether the circumstances of this case qualify for retroactive compensation.

---

[1]The conversion to chapter 7, without prejudice to reconverting to chapter 11 to confirm a plan, occurred on the trustee's motion with consent by the debtors for reasons associated with tactics and financing of the case. The debtors contend that the case will turn out to be a "surplus" case in which the assets exceed liabilities. The trustee, carefully emphasizing the importance of favorable outcomes of disputes and excellent cooperation by the debtors, does not disagree that this could turn out to be a surplus case and that it may yet be possible to negotiate a confirmable chapter 11 plan.

5

Discussion

The analysis of the compensability of services rendered after the trustee was appointed subdivides into two parts.[2] First, there is the problem of the puzzle lying in the wake of the Lamie holding that the act of Congress deleting debtors' counsel from § 330(a)(1)'s list of those generally entitled to compensation from the estate could not be disregarded as a scrivener's error. Solving the puzzle after the services were rendered leads to the second question: whether the circumstances of this situation qualify for retroactive compensation under the controlling Ninth Circuit standard established in Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837 F.2d 389 (9th Cir. 1988).

I

The United States trustee initially objected that debtors' counsel was ineligible for compensation under § 330(a)(1) because its § 327(a) authorization expired at the time the debtor ceased to perform the duties of the trustee as debtor in possession.

While the objection was correct in light of Lamie, it exposes an important practical problem for the efficient functioning of reorganization cases when a trustee replaces a

---

[2] The court is persuaded that the balance of the fee request for services rendered to the debtor in possession, as finally adjusted by the applicant law firm, constitutes reasonable compensation for actual, necessary services and reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1). It is further noted that the case trustee supports the entire fee award and that the United States trustee has clarified that it has no opposition.

6

debtor in possession: since the choice to appoint a chapter 11 trustee is premised on the view that the debtor is still a viable candidate for reorganization, it is vital that there be as rapid and as smooth a transition as possible from debtor in possession to trustee.

Refusal to pay counsel for a displaced debtor in possession for services that are necessary to facilitate the transition stands as an economic disincentive to the assistance that often is essential to an expeditious transition to a chapter 11 trustee.

This problem, as illustrated by the paucity of authority to which debtors' counsel and the United States trustee were able to cite in this case, apparently has perplexed the bar since Lamie was handed down. The § 327(e) solution to the puzzle, however, is suggested by Lamie itself.

Lamie presented the basic compensation question of the effect of the deletion by Congress in 1994 of the phrase "or to the debtor's attorney" from the list at § 330(a)(1) of those eligible for compensation by the estate.[3]

---

[3] The pertinent portion of § 330(a)(1) now provides:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to <u>a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103</u> —
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by such person; and

Although <u>Lamie</u> involved the different situation of a case that was converted from chapter 11 to chapter 7, the fact that its underlying rationale turned on cessation of status as debtor in possession indicates that there is no reason to doubt that <u>Lamie</u> applies equally to chapter 11 cases in which a trustee is appointed.

The <u>Lamie</u> appellant was an attorney employed under § 327(a) to represent a chapter 11 debtor in possession. Since the debtor lost its status as debtor in possession when the case was converted to chapter 7, the appellant was denied fees for post-conversion services that included preparation of the various schedules and reports that are mandated by Federal Rule of Bankruptcy Procedure 1019(5). <u>Lamie</u>, 540 U.S. at 531-32.

The Supreme Court, agreeing that counsel's § 327(a) employment authorization expired at the time of conversion to chapter 7, held that "§ 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327" and, having previously noted that § 327(e) authorizes trustees to engage debtors' counsel, added that payment from estate funds under § 330(a)(1) requires that debtors' counsel "must be employed by the trustee and approved by the court." <u>Lamie</u>, 540 U.S. 538-39.

The invocation of § 327(e) as a basis for the Supreme Court's conclusion that the deletion of "or to the debtor's

---

(B) reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1) (emphasis supplied).

attorney" in the amended version of § 330(a)(1) was not so dysfunctional as to warrant construing the statute as meaning something other than what it says, confirms that § 327(e) is available as a tool that may be used to enable the compensation of debtors' counsel in appropriate circumstances.

The appropriate circumstances necessary to § 327(e) employment are derived from the face of that section:[4] (1) the trustee must be persuaded to request the employment of debtors' counsel; (2) the purpose must be a specified special purpose that does not include representing the trustee in conducting the case; (3) the employment must be in the best interest of the estate; (4) the attorney must not represent or hold any interest adverse to the debtor or to the estate with respect to the services to be rendered; and (5) the court must approve the employment. 11 U.S.C. § 327(e).

The fourth element ordinarily will be the most problematic in the context of whether to authorize § 327(e) employment of an attorney for a debtor in possession following appointment of a chapter 11 trustee (and of a debtor's attorney in a case

---

[4]The actual language of § 327(e) is:

(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

9

converted from chapter 11 to chapter 7). As the § 327(e) attorney also represents the debtor, navigating what is best termed the Strait of Conflicts between the Scylla of not representing or holding an interest adverse to the debtor and the Charybdis of not representing or holding an interest adverse to the estate with respect to the proposed services is fraught with perils that permit only a narrow range of services.

At the stage of authorizing § 327(e) employment, neither the trustee nor the court can do anything more than predict whether the Strait of Conflicts will be successfully navigated when the services are ultimately performed. Hence, that aspect of a § 327(e) employment is necessarily preliminary and contingent upon the course of performance.

Two mechanisms counterbalance the risk of an incorrect prediction regarding the course of performance by § 327(e) counsel in the Strait of Conflicts. First, the case trustee can decline to support compensation. Second, the court is specifically authorized to deny compensation if, at any time during the § 327(e) employment, counsel "represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed." 11 U.S.C. § 328(c).[5] This language mirrors the provision in

---

[5] The relevant language of § 328(c) is:

Except as provided in ... [§] 327(e), ..., the court may deny allowance of compensation ... if, at any time during such professional person's employment under section 327 ..., such professional person ... represents or holds an interest adverse to the interest of the estate with respect to the

10

Case 07-25104    Filed 11/21/08    Doc 698

§ 327(e) that the attorney "not represent or hold any interest adverse to ... the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

In this case, the first four requirements of § 327(e) have been satisfied.  The trustee has been persuaded to request § 327(e) employment of debtors' counsel.  The specified special purpose is performance of services requested by the trustee to help familiarize himself with what is unquestionably a complex case.  The employment is plainly in the best interest of the estate.  Counsel does not represent any interest adverse to the debtor or to the estate with respect to the transition services, a determination that ironically is rendered less tentative by the fact that this employment determination is being made ex post rather than ex ante.  Nor has the United States trustee or any party in interest raised a contest as to these points.

The final element, court approval, is supplied by this decision and the order implementing it.

II

As the § 327(e) employment request encompasses services that were rendered before the application was filed, one must also consider whether the circumstances satisfy governing standards for retroactive compensation.

The employment order cannot be entered "nunc pro tunc" to

---

matter on which such professional person is employed. 11 U.S.C. § 328(c).

the time of the trustee's appointment because the "nunc pro tunc" (now for then) concept is limited to correcting clerical and ministerial errors of the court by making the record reflect what the court "actually intended to do at an earlier date, but which it did not accomplish due to some error or inadvertence" and cannot be used to alter the substance of "what actually transpired or to backdate events to serve some other purpose." Singh v. Mukasey, 533 F.3d 1103, 1110 (9th Cir. 2008), quoting United States v. Sumner, 226 F.3d 1005, 1009-10 (9th Cir. 2000); accord, e.g., In re Jarvis, 53 F.3d 416, 418-19 n.2 (1st Cir. 1995); Transamerica Ins. Co. v. South, 975 F.2d 321, 325 (7th Cir. 1992); W.F. Sebel Co. v. Hessee, 214 F.2d 459, 462 (10th Cir. 1954). It is a facet of a court's inherent power to make its records "speak the truth." E.g., Singh, 533 F.3d at 1110.

Notwithstanding that the employment order cannot be entered retroactively, a bankruptcy court has discretion in exceptional circumstances to award professional fees that were not authorized in advance, provided that the professional satisfactorily explains the failure to obtain approval in advance and demonstrates that the services provided a significant benefit to the estate. Law Offices of Ivan W. Halperin v. Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.), 40 F.3d 1059, 1062 (9th Cir. 1994); THC Fin. Corp., 837 F.2d 389, 392 (9th Cir. 1988); Mehdipour v. Marcus & Millichap (In re Mehdipour), 202 B.R. 474, 479-80 (9th Cir. BAP 1996); In re B.E.S. Concrete Prods., Inc., 93 B.R. 228, 231 (Bankr. E.D. Cal. 1988).

Case 07-25104    Filed 11/21/08    Doc 698

The exceptional circumstances requirement for retroactive compensation has been satisfied in this case. First, the satisfactory explanation for not having persuaded the trustee to apply for § 327(e) employment immediately upon his appointment is that this solution to the Lamie puzzle — however apparent it may be from a close reading of Lamie — has not been generally recognized by bench and bar, as reflected by the paucity of authority located by counsel for the debtors and for the United States trustee. While, henceforth, the question of § 327(e) authorization ought to be a routine consideration for trustees, counsel for debtors, and judges considering whether to displace a debtor in possession, the fact of the matter is that it has been sufficiently obscure as to supply a satisfactory explanation for not having pursued the procedure.

Second, it is apparent that the assistance of debtors' counsel materially contributed to the ability of the chapter 11 trustee to familiarize himself with the intricacies of the complex situation.

It follows that the requisite exceptional circumstances have been demonstrated. Moreover, both the case trustee and the United States trustee support a determination of exceptional circumstances.

## Conclusion

Counsel for the former debtors in possession provided material assistance to, and at the request of, the newly-

appointed chapter 11 trustee. The case trustee is persuaded that counsel is worthy of employment under § 327(e), to which employment there is no opposition by the United States trustee. The exceptional circumstances required to qualify on an equitable basis for retroactive compensation in this circuit have been established. The § 327(e) employment application is approved. The appropriate award for such services for the counsel who is, by virtue of this employment, now qualified under § 330(a)(1) is $3,837.00 (to which the United States trustee no longer objects), which sum will be included in a total final award of $179,894.24.

Orders implementing this decision will issue in separate documents.

NOV 2 1 2008

_____
UNITED STATES BANKRUPTCY JUDGE

14